E-FILED
Wednesday, 20 February, 2013  02:53:42 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MARVIN PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-1416 |
| | ) | |
| CHRIS ELLINGER, STEVEN FANELLI, MATTHEW DICK, and JOHN ATTEBERRY, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## O R D E R

Now before the Court is Defendants' Motion for Summary Judgment. Plaintiff, Marvin Parker ("Parker"), has brought suit against Defendants, alleging that he is entitled to damages for injuries he sustained after being subjected to excessive force by the Defendants. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as the action arises under 42 U.S.C. § 1983.

### BACKGROUND

**I.    Local Rule 7.1(D) and Rule 56**

Initially, the Court notes that Parker failed to file any response to the pending motion for summary judgment; the time period for doing so has lapsed, and no extension has been sought. Failure to respond "will be deemed an admission of the motion." Local Rule 7.1(D)(2). By virtue of this failure, he also failed to respond to Defendants' Statement of Undisputed Material Facts by numerically responding to each of Defendants' undisputed material facts and supporting each claim of disputed fact with evidentiary documentation. Plaintiff also failed to identify disputed and

undisputed immaterial facts or submit additional undisputed facts. The consequences of these failures are clearly set forth in Local Rule 7.1(D) and Federal Rule of Civil Procedure 56.

The Seventh Circuit has "repeatedly . . . sustained the entry of summary judgment where the non-movant has failed to submit a factual statement in the form called for by the pertinent rule and thereby concedes the movant's version of the facts." Waldridge v. American Hoechst Corp., 24 F.3d 918, 922 (7th Cir. 1994). Despite the fact that he is represented by counsel, who should be well-aware of the requirements of Rule 56 of the Federal Rules of Civil Procedure and Local Rule 7.1(D), Parker has made no attempt to respond to the pending motion, file a proper response to Defendants' Statement, or supply his own additional undisputed facts. Accordingly, the Court will treat Defendants' Statement of Undisputed Facts as admitted and the Motion for Summary Judgment as unopposed.

**II.   Undisputed Facts**

On April 12, 2010, Parker was arrested and charged with bank robbery. While at the Bloomington Police Department, he began to show signs of pain and requested medical treatment. Parker was transported to St. Joseph's Hospital, where he was given pain medication for left flank pain. Progress notes indicate that his progress had improved and was "sleeping in room." Parker was released and was to follow up as scheduled on April 17, 2010. He signed the discharge plan, but stated that he disagreed with the decision to release him and not prescribe any pain killers for him.

While waiting for a jail uniform to be brought to the hospital so that his clothes could be taken into evidence, Parker read over his discharge papers and became upset about the lack of prescribed pain medication. He argued with a nurse and requested to see a doctor. Defendant Fanelli

responded that if the hospital was finished with Parker, he would be leaving with Fanelli. Parker stated that the officers would have to drag him out of the hospital, because he would not leave on his own. Fanelli replies that Parker could choose to walk out of the hospital like everyone else or be tazed if he resisted. Parker stated that he didn't care and that they were going to have to taze him.

Defendant Dick arrived with the jail uniform, and Parker was directed to put it on. Defendant Atteberry told Parker that he was under arrest and both Atteberry and Fanelli ordered him to stand up and place his hands behind his back. Parker refused to get up, then moved off the bed and laid on the floor with his hands over his head. Atteberry requested assistance from uniformed officers, and Defendant Ellinger arrived to assist. Parker again refused the request to place his hands behind his back.

Fanelli took Parker by the arm and placed his right arm behind his back. Atteberry then placed his left arm behind his back. Parker began to struggle as the officers attempted to place him in handcuffs. Atteberry delivered several knee strikes to Parker's right thigh and told him to stop resisting. Dick then delivered a knee strike to Parker's left Common Peroneal nerve motor point. These knee strikes appeared to have no effect on Parker, who was then brought to his feet and escorted to Ellinger's squad car.

Parker refused to get in the squad car, and the officer's efforts to get him into the car were unsuccessful. Ellinger retrieved his taser and removed the cartridge from the front. He pointed the taser at Parker and advised him that if he didn't get in the car, he would be tazed. Parker again refused to get in the car and told Ellinger to taze him. Ellinger placed the taser against Parker's abdomen and delivered a drive stun for approximately four seconds. Parker immediately complied

and sat in the car without any further resistance. He was then transported to the McLean County Jail for processing.

On November 14, 2011, Parker filed this suit, alleging that he was injured as a result of Defendants' excessive use of force in taking him into custody. Defendants moved for summary judgment on May 3, 2012. Parker obtained four extensions of time to respond to the motion before seeking leave to file an amended complaint on October 9, 2012. Leave was granted over Defendants' objection, and the Amended Complaint was filed on December 18, 2012. Defendants again moved for summary judgment on January 7, 2013. Parker has failed to file either a timely response or request for extension of time in which to do so. Accordingly, pursuant to Local Rule 7.1, the Court presumes there is no opposition to the pending motion and proceeds to rule without further notice to the parties. This Order follows.

## LEGAL STANDARD

A motion for summary judgment will be granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party has the responsibility of informing the Court of portions of the record or affidavits that demonstrate the absence of a triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 2552 (1986). The moving party may meet its burden of showing an absence of material facts by demonstrating "that there is an absence of evidence to support the non-moving party's case." Id. at 2553. Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 2513 (1986); Cain v. Lane, 857 F.2d 1139, 1142 (7th Cir. 1988).

If the moving party meets its burden, the non-moving party then has the burden of presenting specific facts to show that there is a genuine issue of material fact. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1355-56 (1986). Federal Rule of Civil Procedure 56(e) requires the non-moving party to go beyond the pleadings and produce evidence of a genuine issue for trial. Celotex Corp., 106 S.Ct. at 2553. This Court must then determine whether there is a need for trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may be reasonably resolved in favor of either party. Anderson, 106 S.Ct. at 2511.

**DISCUSSION**

When addressing an excessive force claim brought under §1983, the analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force. Graham v. Connor 490 U.S. 386, 394 (1989). The validity of the claim must then be judged by reference to the specific constitutional standard which governs that right, rather than to some generalized "excessive force" standard.

Where, as here, the excessive force claim arises in the context of the seizure of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment, which guarantees citizens the right "to be secure in their persons ... against unreasonable ... seizures." Id. All claims that law enforcement officers have used excessive force in the course of an arrest or other "seizure" of a free citizen are analyzed under the Fourth Amendment and its objective "reasonableness" standard. Id. at 395. In other words, to properly state a fourth amendment excessive force claim, a plaintiff must establish that a seizure occurred and that the officer's use of

force in effecting the seizure was unreasonable. United States v. Hernandez, 1997 WL 80916, *3 (N.D. Ill. Feb. 21 1997).

The reasonableness of the officer's use of force is to be judged from the perspective of a reasonable officer on the scene at the moment that the force was used. Graham, 490 U.S. at 396. Courts must consider the "facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. at 395; Lawrence v. Kenosha County, 391 F.3d 837, 843 (7th Cir. 2004).

Here, there is no question that a seizure occurred, because it is undisputed that Parker was placed under arrest and taken into custody. The question is whether the use of force was objectively reasonable under the circumstances. The record before the Court is simply devoid of evidence establishing that anyone used excessive force against Parker or was indifferent to his medical condition. To the contrary, the undisputed facts reveal that Parker refused to voluntarily comply with orders, actively resisted, and indicated that force would have to be used to gain his compliance. In response, the officers used knee strikes to the right thigh, one knee stike to the left Common Peroneal nerve motor point, and one four-second tazing to overcome Parker's resistance and get him handcuffed and into the squad car. Parker has offered no evidence to the contrary. The Court concludes that the force used in this case was not excessive as a matter of law, and Defendants are entitled to summary judgment on this claim.

In his Amended Complaint, Parker attempts to suggest that the Defendants somehow interfered with his medical treatment at St. Joseph's Hospital and intimidated the staff into refusing to provide any treatment for his pain. However, he again fails to offer any evidence in support of

his allegation. The record indicates that after displaying signs of pain, Parker was transported to St. Joseph's Hospital. He was seen in the emergency room and was given an injection Ketorolac (Toradol) for pain relief. The progress notes also indicate that his pain improved after the injection and that he was sleeping. Nothing in the factual record suggests, much less supports, a conclusion that Parker did not receive prompt treatment that successfully addressed his pain or that prescribed medical treatment was not administered. To the extent that he is attempting to assert a claim for interference with medical treatment, his claim also fails.

## CONCLUSION

For the reasons set forth herein, the Court finds no genuine issue of material fact requiring resolution by a jury with respect to Parker's § 1983 claims, and Defendants are entitled to a judgment as a matter of law. Accordingly, Defendants' Motion for Summary Judgment [30] is GRANTED. This matter is now TERMINATED.

Entered this 20th day of February, 2013.

                                                           s/ James E. Shadid
                                                           James E. Shadid
                                                           Chief United States District Judge